PINKUS HAPP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEE M. HAPP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MORRIS MICHAEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2870–2782.   Promulgated July 30, 1927.

1. Additional allowance for wear, tear and exhaustion of machinery disallowed.

2. The evidence is insufficient to show that certain county warrants were ascertained to be worthless within the taxable year.

*J. J. Willingham, Esq.*, and *George M. Stanton, Esq.*, for the petitioners.

*W. F. Wattles, Esq.*, for the respondent.

By these proceedings the petitioners seek redetermination of their income-tax liability for the years 1919, 1920, and 1921. The deficiency letter in the case of Pinkus Happ asserts deficiencies of $436.87 for the year 1920 and $44.74 for the year 1921, and an

overassessment of $72.78 for the year 1919. In the case of Lee M. Happ and Morris Michael, the deficiency letter asserts a deficiency of $162.63 for the year 1919 and a deficiency of $425.42 for the year 1920, and in the case of Morris Michael the deficiency letter asserts deficiencies for the years 1919 and 1920 in the amounts of $168.56 and $428.90, respectively. The petitioners allege that the respondent erred in not allowing the partnership of Happ Brothers Co. adequate depreciation on machinery for the fiscal years ending June 30, 1919, and June 30, 1920, for the six-month period ending December 31, 1920, and for the calendar year 1921, and in disallowing deductions claimed by the partnership in the fiscal year ending June 30, 1920, on account of certain debts alleged to be worth-less. The three proceedings were consolidated for hearing and decision.

### FINDINGS OF FACT.

The petitioners are individuals residing at Macon, Ga. During the years 1919 and 1920 they were members of Happ Brothers Co., a partnership engaged in the business of manufacturing overalls at Macon. The partnership was organized in the year 1917 for the purpose of taking over the business conducted by Happ Brothers, a corporation. Among the assets so acquired by the partnership were electric sewing machines and electric cording machines which had been used by the corporation for a number of years. These machines were set up on the partnership books at $14,409.45, the amount at which they were carried on the corporation's books. Whether this amount represented the original cost or the depreciated cost to the corporation, the record does not show. New machines were also installed by the partnership subsequent to June, 1917, and before the end of the calendar year 1921.

The partnership filed its income and profits-tax returns on the basis of a fiscal year ending June 30, until June 30, 1920, after which date its returns were made on the calendar year basis.

The partnership, Happ Brothers Co., sold goods to a majority of the counties in the southern States that worked convict labor. At the close of the fiscal year ended June 30, 1920, it had warrants which it had received for goods sold as follows:

Butts County, Ga.:

| | |
|---|---:|
| December 13, 1918 | $646.40 |
| April 9, 1919 | 126.75 |
| May 7, 1919 | 953.15 |
| September 6, 1919 | 507.90 |
| March 11, 1920 | 939.50 |

Baker County, Ga.:
| | |
|---|---|
| June 6, 1918 | $90. 50 |
| December 6, 1918 | 125. 00 |
| January 10, 1919 | 39. 74 |
| April 3, 1919 | 134. 85 |
| May 8, 1919 | 96. 02 |

Early County, Ga.:
| | |
|---|---|
| November 22, 1918 | 796. 00 |
| November 22, 1918 | 1, 122. 35 |
| May 13, 1919 | 171. 90 |
| November 8, 1919 | 1, 680. 25 |
| Henry County, Ga., June 3, 1918 | 1, 054. 32 |

These warrants had, prior to June 30, 1920, been placed in the hands of the partnership's attorney for collection but he was unable to collect them at that time, and he advised the partnership that the counties were in bad shape financially and that he did not know whether or not collection could be made. However, he retained the warrants and some of them were subsequently paid. The warrants were never repudiated by the counties issuing them and the uncollected ones are still retained by the petitioners' attorney. The partnership at the close of the fiscal year ending June 30, 1920, charged off said warrants as worthless and deducted the amounts thereof in computing its net income for that year.

The partnership in its income and profits-tax returns for the fiscal years ending June 30, 1919, and June 30, 1920, and for the calendar year 1921, claimed and was allowed depreciation on its machinery computed at the rate of 10 per cent.

### OPINION.

MARQUETTE: The respondent has not asserted any deficiency in tax against the petitioners Lee M. Happ and Morris Michael for the year 1921, and in the case of Pinkus Happ he has determined an over-assessment for the year 1919 which does not arise from the disallowance of a claim for abatement. We therefore have no jurisdiction to hear and determine the appeals of Lee M. Happ and Morris Michael in so far as they relate to the year 1921, or the appeal of Pinkus Happ in so far as it relates to the year 1919.

The petitioners claim that the partnership of Happ Brothers Co. has not been allowed adequate depreciation on its machinery for the period July 1, 1918, to December 31, 1921; that the partnership allowance for depreciation should be computed at the rate of 15 per cent, and that the petitioners' individual income for that period should be adjusted accordingly. We are unable to sustain the petitioners' contention. The evidence as to this issue is vague, contradictory and conflicting. It does show, however, that the partnership in 1917 acquired at cost from the corporation, certain machinery which at

that time had been in use from six to eight years. The machinery was set up on the partnership books at the same amount it was carried on the corporation's books. We are, however, unable to determine from the evidence whether this amount represented the original cost or the depreciated cost of the machinery. The witness for the petitioner did not know how many machines were acquired from the corporation, how many, if any, were discarded during the years involved, or the number or cost of new machinery installed. The record shows that the corporation had claimed and been allowed depreciation on these machines computed at the rate of 10 per cent, and depreciation computed at the same rate was claimed and allowed the partnership during the years involved in this appeal, and also for the year 1922. When the partnership filed its return, depreciation computed at the rate of 10 per cent appears to have been considered adequate, and there is no evidence in the record which would justify us in now increasing that rate.

With reference to the county warrants involved herein we are unable to say from the evidence presented that they were ascertained to be worthless at the end of the fiscal year ended June 30, 1920. It does appear from the evidence that the counties which had issued these warrants were in bad shape financially and that the warrants were not collected at the end of the fiscal year mentioned. The record does not show that the counties had repudiated these warrants or did not intend to pay them, but, on the other hand, it does show that some of them, at least, have been paid. It was intimated by the petitioners' counsel that the several counties had issued warrants in excess of the amounts they were authorized to issue and that there was a legal bar to their collection. However, there is no evidence in the record to show that this contention is correct. In view of the unsatisfactory state of the record in these proceedings we can only affirm the determination of the respondent.

*Judgment will be entered for the respondent.*

Considered by PHILLIPS, VAN FOSSAN, and MILLIKEN.